IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIMBERLY C. LEE,

       Plaintiff,                           No. 2:12-cv-2210 MCE DAD PS

   vs.

CITY OF STOCKTON, et al.,          ORDER

       Defendants.

_____/

       Plaintiff, Kimberly Lee, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

       Plaintiff's in forma pauperis application, however, states that plaintiff is currently employed, is paid $23.23 an hour and receives take-home pay of $1,566 per pay period. (Doc. No. 2 at 1.) Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The amount of plaintiff's income shows that plaintiff is able to pay the filing fee and costs. Thus, plaintiff has made an inadequate showing of indigency. See Olivares v.

1

Marshall, 59 F.3d 109, 111 (9th Cir. 1995) ("Requiring the payment of fees according to a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims.")  Plaintiff will therefore be granted twenty-one days in which to submit the appropriate filing fee to the Clerk of the Court.  Plaintiff is cautioned that failure to pay the fee will result in a recommendation that the application to proceed in forma pauperis be denied and the instant action be dismissed without prejudice.

In light of her pro se status, plaintiff is advised that her complaint does not meet the minimum requirements for a civil complaint in federal court.  In this regard, plaintiff's complaint is made up of a single paragraph of vague and conclusory allegations.

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,

858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994); <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" <u>Casey v. Lewis</u>, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  <u>Attorneys Trust v. Videotape Computer Prods., Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." <u>Dittman v. California</u>, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements." <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  See <u>Morongo</u>, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  <u>Kokkonen</u>, 511 U.S. at 377; <u>see</u> <u>also</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; <u>see</u> <u>also</u> <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 697-99 (1992).

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Most federal-question jurisdiction cases are those in which federal law creates a cause of action. A case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)). The "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

"'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be *at issue*." Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009). The mere presence of a federal issue does not automatically confer federal-question jurisdiction, and passing references to federal statutes do not create a substantial federal question. Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996). "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains, 80 F.3d at 346. See also Lippitt, 340 F.3d at 1043. Here, plaintiff's complaint does not contain any statement of the grounds upon which this court's jurisdiction depends.

Moreover, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege

1. facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendant engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.  Under these standards, a complaint should state identifiable causes of action and allege facts that satisfy the elements of those causes of action both plainly and succinctly, alleging specific acts engaged in by the defendant that would support plaintiff's claim.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days from the date of this order, plaintiff shall submit the appropriate filing fee.[2]  Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.[3]

DATED: October 29, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\lee2210.ifpden

---

[2]  Alternatively plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

[3]  If plaintiff elects to pay the required filing fee and proceed with this action, plaintiff should consult Rule 15 of the Federal Rules of Civil Procedure concerning the amendment of pleadings.