IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIMBERLY C. LEE,

    Plaintiff,                    No. 2:12-cv-2210 MCE DAD PS

    vs.

CITY OF STOCKTON, et al.,        FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        Plaintiff, Kimberly Lee, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On October 30, 2012, the undersigned found that plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 failed to make an adequate showing of indigency in light of her reported take-home pay and ordered plaintiff to submit the required filing fee within twenty-one days. (Doc. No. 3.) In light of plaintiff's pro se status, the undersigned also at that time advised plaintiff of several deficiencies found in her complaint.

        On November 19, 2012, plaintiff filed with the court an "Affidavit of Request For Fee Waiver" in which she sought reconsideration of the court's October 30, 2012 order. (Doc. No. 4.) Therein, plaintiff represents that given the size of her family her income does not cover her monthly her family's monthly expenses and that she is unable to pay the filing fee. (Id.)

However, even if the court were to reconsider its October 30, 2012 order and find that plaintiff's in forma pauperis application made the showing required by 28 U.S.C. § 1915(a)(1), a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if either the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by

1  lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as
2  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western
3  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
4        The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a
> short and plain statement of the grounds upon which the court's
> jurisdiction depends . . . , (2) a short and plain statement of the
> claim showing that the pleader is entitled to relief, and (3) a
> demand for judgment for the relief the pleader seeks.

8  Fed. R. Civ. P. 8(a).
9        Here, with her November 19, 2012 request for reconsideration, plaintiff has
10 submitted a proposed amended complaint. Plaintiff's proposed amended complaint, however,
11 fails to contain a short and plain statement of the grounds upon which the court's jurisdiction
12 depends.[1] Jurisdiction is a threshold inquiry that must precede the adjudication of any case
13 before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,
14 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may
15 adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511
16 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[2] "Federal courts are
17 presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"
18 Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch.
19 Dist., 475 U.S. 534, 546 (1986)).
20       Lack of subject matter jurisdiction may be raised by the court at any time during
21 the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th
22 Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it]

---

[1] The court previously advised plaintiff of this requirement in its October 30, 2012 order. (Doc. No. 3.)

[2] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution. U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

Moreover, the allegations found in plaintiff's proposed amended complaint again merely concern medical "malpractice; misdiagnosis; mistreatment and neglect and negligence," all of which are state law causes of action. See Tademy v. Greenpoint Mortg. Funding, Inc., No. CIV S-09-1391 LKK DAD PS, 2010 WL 726736, at *2 (E.D. Cal. Mar. 2, 2010) ("Plaintiffs claims that appear to arise under state law include negligence per se . . ."); Pearson v. Brace, No. CIV S-06-2505 FCD DAD PS, 2007 WL 2972744, at *3 (E.D. Cal. 2007) ("claim of legal malpractice usually presents only a state law claim that must be litigated in state court.").

Finally, to the extent that plaintiff is attempting to allege a claim for violation of a constitutional right, plaintiff is advised that a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that she was deprived of a right secured by the Constitution or laws of the United

States and that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived her of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs. City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).

In this regard, plaintiff's proposed amended complaint fails to allege any facts demonstrating that she was deprived of a right secured by the Constitution or laws of the United States or that the deprivation was committed by a person acting under color of state law. Instead, plaintiff's amended complaint merely alleges that the City of Stockton "was negligent in maintaining public sidewalks . . . ." (Doc. No. 4 at 2.)

However, "[t]o establish municipal liability under § 1983, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to her constitutional right; and (4) the policy was the

moving force behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (internal quotation marks omitted). "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to an official policy or longstanding practice or custom, or that the injury was caused or ratified by an individual with final policy-making authority." Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1151 (9th Cir. 2011) (internal quotation marks and citation omitted). See also Monell, 436 U.S. at 694.

Allegations of negligence do not state a cognizable Monell claim because negligence does not amount to deliberate indifference, which is required to state a claim under Monell. See City of Canton, Ohio v. Harris, 489 U.S. 378, 392 (1989) (municipal liability exists only where the municipality acts with "deliberate indifference" to the rights of the plaintiff); Dougherty v. City of Covina, 654 F.3d 892, 901-02 (9th Cir. 2011) (mere negligence in training or supervision does not give rise to a Monell claim).

Similarly, plaintiff's proposed amended complaint alleges that the non-municipal defendants are liable for negligently treating her injury. However, negligent medical care alone does not support a claim for relief under § 1983. See Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1977)); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted).

Accordingly, plaintiff's proposed amended complaint would be subject to dismissal, just as is her original complaint, for failure to state a claim. The undersigned has carefully considered whether plaintiff could file a second amended complaint that states a cognizable claim that would not be subject to dismissal. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiencies found in the amended complaint noted above the court finds that it would be futile to grant plaintiff further leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 24, 2012 application to proceed in forma pauperis (Doc. No. 2) be denied;

2. Plaintiff's original complaint filed August 24, 2012 (Doc No. 1) as well as her proposed amended complaint filed with her request for reconsideration on November 19, 2012 (Doc. No. 4) be dismissed without further leave to amend; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 2, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\lee2210.dwolta.f&rs

7